Argued and submitted January 15, ballot title referred to Attorney General for modification March 14, 2002
Modified ballot title certified March 29, 2002 (333 Or 583, 42 P3d 907)

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49112)

41 P3d 1076

Margaret S. Olney, Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

DURHAM, J.

## DURHAM, J.

This is a ballot title review proceeding. Petitioners challenge the Attorney General's ballot title for Initiative Petition 138 (2002).[1]

■    The Attorney General certified the following ballot title for Initiative Petition 138:

"AMENDS CONSTITUTION:    LIMITS TIME
FOR PRE-ELECTION CHALLENGES TO BALLOT
MEASURES; PROHIBITS POST-ELECTION
CHALLENGES; APPLIES RETROACTIVELY

"RESULT OF 'YES' VOTE:    'Yes' vote requires challenges to ballot measures be brought within 30 days after

---

[1] Initiative Petition 138 (2002), if approved, would add the following provisions to the Oregon Constitution:

"Section 1. The People of the State of Oregon find and declare that it is now and has been since the establishment of the initiative process in Oregon the sole responsibility of the Secretary of State to insure that initiatives comply with all technical and procedural requirements before allowing them to be circulated.

"(a) Within 30 days of the date an initiative is filed with the Secretary of State, the Secretary of State shall examine the initiative and insure that it complies with all procedural and technical requirements before allowing the petition to be circulated. It shall be considered an error on the part of the Secretary of State to approve for circulation an initiative petition that does not comply with all procedural and technical requirements. Any appeal of a Secretary of State decision regarding whether an initiative complies with procedural and technical requirements that an initiative petition must be filed not later than 30 days after the date the decision was made. No other challenge based on procedural or technical grounds may be filed.

"(b) For purposes of this section, 'procedural and technical requirements' means a finding by a court that a measure unlawfully constitutes a revision of the constitution, violates the single subject requirement, the single amendment requirement, the separate vote requirement, the full text requirement, or any other such requirement that is procedural or technical in nature, including a violation caused by one or more errors and/or omissions by an elections officer or a finding that the ballot title or explanatory statement for a measure was not accurate or did not completely or adequately describe the measure.

"(c) No Oregon court shall invalidate, nullify, enjoin the implementation of, or prevent the counting or canvassing of the votes for a citizen initiated measure due to one or more errors or omissions on the part of an elections officer or if the appeal of the decision by the Secretary of State was not filed within the time limitations set forth in this section.

"(d) This section shall be in effect regarding any measure appearing on the ballot on or after the date of the 2000 general election. Any court decision conflicting with this section is null and void."

Secretary of State certifies ballot title; prohibits post-election challenges; applies retroactively.

"RESULT OF 'NO' VOTE: 'No' vote retains current law that allows challenges to ballot measures to be raised more than 30 days after Secretary of State certifies ballot title.

"SUMMARY: Amends constitution. Currently, court challenges that initiative violates constitutional, other requirements can be raised more than 30 days after ballot title is certified; constitutional challenges can be raised after election held. Measure establishes 30-day deadline after ballot title certified for challenging adequacy, completeness of ballot titles, explanatory statements. Establishes same deadline for challenging determination that initiative meets constitutional requirements of single subject, single amendment, separate vote, full text, constitutional amendment not revision. Prohibits post-election challenges on these grounds. Prohibits courts from invalidating, nullifying, enjoining implementation of or counting/canvassing votes for citizen-initiated measures due to errors/omissions of elections officers or when appeal of Secretary of State's certification is untimely. Applies retroactively; voids court decisions invalidating measures on specified grounds. Other provisions."

Petitioners argue that the caption is inaccurate in stating that the proposed measure "prohibits post-election challenges." Petitioners contend that the proposed measure would prohibit *certain* post-election challenges to a ballot measure, *i.e.*, those that assert that the measure violates "procedural and technical requirements" for initiative measures. According to petitioners, the proposed measure does not prohibit *all* post-election challenges, including those that might raise a conflict with the United States Constitution. To overcome that erroneous inference, petitioners contend that the phrase in question should state that the proposed measure prohibits "certain" post-election challenges, not all of them. Petitioners also assert that the Attorney General's "yes" vote result statement suffers from a similar defect.

In response, the Attorney General argues that petitioners' argument to this court is a change of the position that

petitioners advanced in their comments regarding the Attorney General's draft ballot title. The Attorney General also contends that his caption is sufficient in any event.

ORS 250.085(6) provides that this court, in reviewing a ballot title,

"shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."

The Attorney General acknowledges that petitioners' argument in this proceeding "concerns language added to or removed from the draft title" after the comment period expired. The Attorney General, however, complains that the wording in question

"was added at petitioners' own urging, and they should not be permitted to change their argument 180 degrees once their suggested revision was incorporated."

We have no occasion in this proceeding to decide whether ORS 250.085(6) bars inconsistent arguments about a ballot title, as the state argues. Petitioners' comments on the draft ballot title indicated that the proposed measure would eliminate

"*virtually* all judicial review of whether initiatives comply with constitutional and other provisions *relating to the lawful placement of an initiative on the ballot.*"

(Emphasis added.) Additionally, petitioners' proposed amendments to the caption and "yes" vote result statement indicated that petitioners' concern focused on the proposed initiative's prohibition on post-election challenges to an initiative's lawful placement on the ballot, not a purported limitation on all post-election challenges of any kind. Although some passages of petitioners' comments to the Secretary of State, when viewed in isolation, support the Attorney General's reading, we conclude that those comments, when considered as a whole, raised the same objection regarding the proposal's prohibition on certain kinds of post-election challenges that petitioners now submit to this court. We turn,

then, to the merits of that objection. The Attorney General acknowledges that

> "[t]he proposed measure prohibits post-election ballot measure challenges based on adequacy and completeness of the ballot title or explanatory statement as well as challenges based on claims that the proposed measure violates constitutional requirements of single subject, single amendment, separate vote, full text, and constitutional amendment not revision."

However, the Attorney General contends that the phrase in the caption, "prohibits post-election challenges," "does not necessarily imply that *all* such challenges are prohibited." (Emphasis in original.) The Attorney General also argues that the summary "spells out in more precise detail the scope of the proposed measure's prohibition of post-election challenges."

In conducting our review, we examine the ballot title's statements regarding the law that the proposed measure would create to determine whether they are accurate. We do so

> "to ensure that the ballot title does not misstate, even by implication, the law that the proposal would enact, and 'thereby create a spurious argument to support the measure's passage.'"

*Novick/Bosak v. Myers*, 333 Or 18, 24, 36 P3d 464 (2001) (quoting *Dale v. Kulongoski*, 321 Or 108, 113, 894 P2d 462 (1995)).

A ballot title caption must include "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). Because the caption is the cornerstone for the other portions of the ballot title, the caption must identify the subject matter of the proposed measure "in terms that will not confuse or mislead potential petition signers and voters." *Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001).

The Attorney General concedes that the proposed measure, if approved, would prohibit only certain kinds of post-election legal challenges to ballot measures. That topic, in general, is a "subject matter" of the proposed measure

within the meaning of ORS 250.035(2)(a). However, the wording that the Attorney General has chosen to describe that subject matter, "prohibits post-election challenges," does not disclose, or even hint at, the fact that the proposed measure's prohibition addresses some, but not all, potential post-election challenges to an approved ballot measure. The Attorney General's wording erroneously implies that the proposed measure, if approved, would prohibit *all* post-election challenges. Because that erroneous implication is likely to confuse or mislead voters about the law that the proposed measure would enact, the Attorney General's caption fails to comply substantially with ORS 250.035(2)(a) and requires modification.

As noted above, petitioners raise the same objection with respect to the Attorney General's "yes" vote result statement, which contains the same challenged phrase discussed above in connection with the caption. For the reasons discussed above, we conclude that the Attorney General's "yes" vote result statement does not comply substantially with ORS 250.035(2)(b) and requires modification.

Ballot title referred to Attorney General for modification.