On modified ballot title filed March 21,* modified ballot title certified
March 29, 2002

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49112)

42 P3d 907

No appearance by petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, filed the modified ballot title for respondent. With him on the filing memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

---

* 333 Or 497, 41 P3d 1076 (2002) (referring ballot title for modification).

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 138 (2002), failed to comply substantially with statutory standards. *Kain v. Myers*, 333 Or 497, 41 P3d 1076 (2002). Under ORS 250.085(8), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 138 (2002) states:

"AMENDS CONSTITUTION: LIMITS TIME FOR
BRINGING PRE-ELECTION CHALLENGES
TO BALLOT MEASURES; PROHIBITS
CERTAIN POST-ELECTION CHALLENGES;
APPLIES RETROACTIVELY

"RESULT OF 'YES' VOTE: 'Yes' vote requires that ballot measure challenges be brought within 30 days after Secretary of State certifies ballot title; prohibits certain post-election challenges; applies retroactively.

"RESULT OF 'NO' VOTE: 'No' vote retains current law that allows challenges to ballot measures to be raised more than 30 days after Secretary of State certifies ballot title.

"SUMMARY: Amends constitution. Currently, court challenges that initiative violates constitutional, other requirements can be raised more than 30 days after ballot title is certified; constitutional challenges can be raised after election held. Measure establishes 30-day deadline after ballot title certified for challenging adequacy, completeness of ballot titles, explanatory statements. Establishes same deadline for challenging determination that initiative meets constitutional requirements of single subject, single amendment, separate vote, full text, constitutional amendment not revision. Prohibits post-election challenges on these grounds. Prohibits courts from invalidating, nullifying, enjoining implementation of or counting/

canvassing votes for citizen-initiated measures due to errors/omissions of elections officers or when appeal of Secretary of State's certification is untimely. Applies retroactively; voids court decisions invalidating measures on specified grounds. Other provisions."

The modified ballot title is certified.