Submitted on the record September 5, ballot title referred to Attorney General for modification November 6,2003

Kris KAIN
and Tricia BOSAK,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Lloyd K. MARBET,
*Intervenor.*

(SC S50621)

79 P3d 864

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition for petitioners.

Steven R. Powers, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Daniel W. Meek, Portland, filed the answering memorandum for intervenor.

KISTLER, J.

## KISTLER, J.

Petitioners challenge the ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 55 (2004). We review the ballot title for substantial compliance with ORS 250.035(2) and refer the ballot title to the Attorney General for modification.

Initiative Petition 55, if enacted, would revise Oregon's campaign finance laws. The proposed measure has five main parts. First, the proposed measure limits the amount that individuals can contribute to candidates, political committees, and political parties. Initiative Petition 55 § (3)(a). It also limits the amount that political committees (other than small donor committees) and political parties can contribute to candidates and each other. *Id.* Second, in candidate campaigns, the proposed measure limits both the amount of independent expenditures that individuals can make and the source of funds from which political committees and parties can make independent expenditures. *Id.* §§ (6)(a), (7)(a). Third, the proposed measure prohibits corporations and unions from making contributions and independent expenditures in both candidate and ballot measure campaigns.[1] *Id.* §§ (3)(a)(1), (7)(c), (8)(a)(1), (10)(a). Fourth, the proposed measure limits the amount that candidates can contribute to their own campaigns. *Id.* § (4). Finally, the proposed measure provides for voluntary contribution limits, small donor committees, and expanded reporting requirements. *Id.* §§ (3)(a)(5), (3)(b), (11).

The Attorney General certified the following ballot title:

"LIMITS INDIVIDUAL, CORPORATE, UNION, ORGANIZATIONAL SPENDING TO CANDIDATES, POLITICAL ENTITIES, MEASURE CAMPAIGNS; EXPANDS REPORTING REQUIREMENTS

---

[1] The proposed measure allows corporations and unions to establish a separate, segregated fund to collect voluntary contributions from employees or members. Initiative Petition 55 § (12). Corporations and unions may contribute up to $500 a year to create or administer such a fund. *Id.* § (12)(c).

"RESULT OF 'YES' VOTE:   'Yes' vote limits: individual, corporate, union, organizational spending to candidates, political entities, ballot measure campaigns; spending on own candidacy. Establishes new disclosure and reporting requirements.

"RESULT OF 'NO' VOTE:   'No' vote retains current law that does not limit contributors, contributions, or expenditures for public office candidates and ballot measure campaigns; retains existing reporting requirements.

"SUMMARY:   Current law requires reporting of certain contributions and expenditures, but does not limit contributors, contributions, or expenditures for public office candidates and ballot measure campaigns. Measure limits individual contributions to candidates, political committees, 'small donor committees,' political parties, with annual cap for all contributions; limits political committee contributions to candidates, political parties; limits political party contributions to candidates, political committees. Allows unlimited contributions by 'small donor committees' (accepting only contributions not exceeding $50 per individual annually). Prohibits corporate, union, organizational contributions, expenditures except through political committees funded solely by individuals. Limits: candidate's spending to own candidacy; contributions, expenditures to ballot measure campaigns by individuals, corporations, unions; 'independent expenditures' (defined) by individuals, political entities, organizations. Establishes: voluntary contribution limits; new disclosure, reporting requirements. Other provisions."

Petitioners challenge the caption, the "yes" vote result statement, and the summary. We review the ballot title for substantial compliance with ORS 250.035(2). ORS 250.085(5).

A ballot title caption must contain "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). Petitioners argue that the caption does not comply with that requirement in two respects. First, they argue that the phrase "LIMITS * * * SPENDING TO CANDIDATES, POLITICAL ENTITIES, MEASURE CAMPAIGNS" is inaccurate and difficult to read. They contend that people "do not spend money *to* candidates." (Emphasis in original.) Rather, they spend money to support or oppose candidates. The Attorney General

acknowledges that the wording "may be grammatically unfamiliar." but argues that the caption still accurately and concisely conveys the proposed measure's subject matter.

As "the cornerstone for the other portions of the ballot title, the caption must identify the subject matter of the proposed measure 'in terms that will not confuse or mislead potential petition signers and voters.' " *Kain v. Myers*, 333 Or 497, 502, 41 P3d 1076 (2002) (quoting *Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001)). Here, the phrase "LIMITS * * * SPENDING TO CANDIDATES" is, as the Attorney General acknowledges, grammatically unfamiliar and, we conclude, confusing. *See Greene v. Kulongoski*, 322 Or 169, 177, 903 P2d 366 (1995) (holding that a caption with three negative terms close together was confusing and did not comply substantially with statutory requirements). The phrase obscures rather than clarifies the measure's subject. For that reason alone, the caption does not substantially comply with ORS 250.035(2)(a).

Petitioners' second challenge to the caption consists of two related arguments. They argue that, because the caption mentions the limits on individuals, corporations, and unions in the same phrase, it "misleadingly suggests to voters that the limits are the same." Making the same point in a different way, petitioners argue that the initiative does not merely limit corporate and union spending but instead prohibits it entirely. They contend that the caption should state that difference and argue that other words in the caption— "EXPANDS REPORTING REQUIREMENTS"—are " 'second tier' details" that could be omitted to stay within the 15-word limit.

The proposed measure at issue in *Carson v. Myers*, 326 Or 248, 951 P2d 700 (1998), posed a similar problem. In that case, the Attorney General had attempted to identify the subject matter of a "complex and multi-faceted" ballot measure by including some of its effects in the title. *Id.* at 254. The court explained that, given the complexity of the subject matter, that approach was inherently problematic. *Id.* The court reasoned that, "beyond stating that the measure revises the initiative and referendum processes, any further elaboration in the [c]aption simply reflects a choice to emphasize certain

effects of the measure at the expense of other effects." *Id.* The court solved the problem by describing the proposed measure's subject matter generically. *See id.* (certifying a caption that identified the subject matter of that initiative as "REVISES INITIATIVE AND REFERENDUM PROCESSES").

Here, petitioners do not argue that the Attorney General impermissibly has used the proposed measure's effects to identify its subject matter, and we do not consider that issue. We note *Carson*, however, because it illustrates the drafting problem that the Attorney General faces when attempting to identify the subject of a multifaceted, complex measure. Seeking to identify the subject of such a measure by listing some of its aspects, as the Attorney General has done here, leaves the caption open to the challenge that the list omits other major aspects of the measure. That is petitioners' argument here. They contend that, in the context of this proposed measure, the prohibition on union and corporate contributions and expenditures is part of the subject matter of the proposed measure that the caption should include. *Cf. Nesbitt v. Myers*, 335 Or 567, 572, 73 P3d 925 (2003) (holding that the caption failed to include both the measure's subjects).

We agree with petitioners that the caption fails to include a major aspect of the proposed measure. *Id.* As petitioners note, the proposed measure does not simply limit corporate and union contributions and expenditures in the same way that it limits other contributions and expenditures. Rather, it prohibits them completely. That is a major part of what the proposed measure seeks to accomplish. If the Attorney General chooses to identify the proposed measure's subject matter by listing its various parts, the omission of the prohibition on corporate and union contributions and expenditures means that the caption does not substantially comply with ORS 250.035(2)(a).

Petitioners also challenge the Attorney General's "yes" vote result statement. ORS 250.035(2)(b) requires "[a] simple and understandable statement of not more than 25 words that describes the result if the state measure is

approved." In this case, the text of the Attorney General's "yes" vote result statement is almost identical to the caption:

> "RESULT OF 'YES' VOTE:  'Yes' vote limits: individual, corporate, union, organizational spending to candidates, political entities, ballot measure campaigns; spending on own candidacy. Establishes new disclosure and reporting requirements."

Petitioners contend that the statement suffers from the same problems as the caption. We agree. First, the phrase "limits * * * spending to" is confusing. Second, despite the greater word limit, the statement does not mention that the proposed measure would prohibit corporate and union contributions and expenditures. Because that result would be a major part of the law if the measure passes, its omission means that the Attorney General's statement does not substantially comply with the obligation to describe the result of a "yes" vote.[2]

Petitioners' final challenge is directed at the Attorney General's summary of the measure. The statute requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). The Attorney General's summary states:

> "SUMMARY:  Current law requires reporting of certain contributions and expenditures, but does not limit contributors, contributions, or expenditures for public office candidates and ballot measure campaigns. Measure limits individual contributions to candidates, political committees, 'small donor committees,' political parties, with annual cap for all contributions; limits political committee contributions to candidates, political parties; limits political party contributions to candidates, political committees. Allows unlimited contributions by 'small donor committees' (accepting only contributions not exceeding $50 per individual annually). Prohibits corporate, union, organizational contributions, expenditures except through political committees funded solely by individuals. Limits: candidate's spending to own candidacy; contributions, expenditures to ballot measure campaigns by individuals, corporations,

---

[2] Petitioners do not challenge the "no" vote result statement.

unions; 'independent expenditures' (defined) by individuals, political entities, organizations. Establishes: voluntary contribution limits; new disclosure, reporting requirements. Other provisions."

Petitioners argue that the summary is deficient for three reasons. They argue initially that the summary "does not tell voters that the proposal places an aggregate cap on the amount individuals can expend on 'express advocacy campaigns' or 'electioneering campaigns' (section 6 [of the proposed measure])." (Emphasis omitted.) Their argument, as we understand it, is that the summary is deficient because the proposed measure does not limit the amount of independent expenditures that an individual can make in a particular candidate campaign. Rather, it places a cap on the aggregate amount of independent expenditures that an individual can make in a calendar year.

■ Petitioners' reading of the proposed measure is correct. Their challenge to the summary, however, reduces to the claim that the statement, "Limits * * * 'independent expenditures' (defined) by individuals," does not sufficiently explain that the limit is a cap on the aggregate expenditures that an individual can make in a calendar year. Perhaps the Attorney General's summary could have been more specific. The Attorney General's summary is, however, accurate, and we cannot say that it does not substantially comply with his obligation to summarize this aspect of the proposed measure.[3]

Petitioners challenge a second portion of the summary. They contend that the sentence, "[p]rohibits corporate, union, organizational contributions, expenditures except through political committees funded solely by individuals," is inaccurate. They argue that this sentence does not "reference the prohibition on contributions" and "does not identify what expenditures are prohibited." (Emphasis omitted.) They also argue that the next sentence, which refers to limiting corporate and union contributions and expenditures, is confusing.

---

[3] As the court explained in *Mabon v. Myers*, 332 Or at 640, "[o]ur holding that the summary complies substantially with the statutory requirement should not be understood as preventing the Attorney General from modifying the summary [on referral for other issues], should he find it appropriate to do so."

■     We do not accept petitioners' challenges to the sentence that reads: "Prohibits corporate, union, organizational contributions, expenditures except through political committees funded solely by individuals." Contrary to petitioners' argument, that sentence does disclose the prohibition on contributions as well as expenditures. It also states that the proposed measure prohibits contributions and expenditures by corporations and unions, and the proposed measure does that.

If the challenged sentence stood alone, it would substantially comply with the Attorney General's obligation to summarize the proposed measure. The difficulty arises, however, because of the next sentence in the summary. That sentence states: "Limits * * * contributions, expenditures to ballot measure campaigns by * * * corporations, unions * * *."[4] As petitioners note, that portion of the sentence directly contradicts the prior sentence, which states that corporation and union contributions and expenditures are prohibited, not limited. Those two inconsistent statements are, at a minimum, confusing and require modification.

For the reasons stated, we conclude that the Attorney General must modify the caption, the "yes" vote result statement, and the summary. We refer the ballot title to the Attorney General for modification. ORS 250.085(8); *Flanagan v. Myers*, 332 Or 318, 323-25, 30 P3d 408 (2001) (explaining why referral is appropriate).

Ballot title referred to Attorney General for modification.

---

[4] The Attorney General appears to contend that petitioners did not preserve their argument concerning the effect of this sentence. The sentence, however, was added after the comment period expired. *See* ORS 250.085(6) (providing that the court may not consider an unpreserved argument unless it "concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067").