Submitted on the record January 24, ballot title referred to Attorney General for modification February 9, ballot title certified February 28, 2006 (340 Or 202)

David J. HUNNICUTT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S52978)

127 P3d 1189

See also 340 Or 83, 127 P3d 1182.

Ross A. Day, Tigard, filed the petition and the reply memorandum for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

**KISTLER, J.**

Petitioner challenges the Attorney General's certified ballot title for Initiative Petition 81 (2006). Because the ballot title does not substantially comply with the standards set out in ORS 250.035(2), we refer the ballot title to the Attorney General for modification.

The proposed measure at issue in this case duplicates in large part the proposed measure at issue in *Hunnicutt v. Myers (S52977)*, 340 Or 83, 127 P3d 1182 (2006) (Initiative Petition 80 (2006)).[1] The proposed measure would eliminate a public body's statutory obligation to pay just compensation or waive the land use laws in two situations. It also would preserve a property owner's right to build a single family home. The proposed measure, however, includes an additional provision; it would authorize a public body to condemn certain types of real property for private use only if the public body paid the property owner twice the property's fair market value.

The Attorney General certified the following ballot title:

"LIMITS GOVERNMENT AUTHORITY TO WAIVE LAND USE REGULATIONS; REQUIRES ADDITIONAL COMPENSATION FOR CERTAIN LAND CONDEMNATIONS

"RESULT OF 'YES' VOTE: 'Yes' vote limits government authority to waive land use regulations; requires government to pay additional compensation when condemning certain land for conveyance to private owner.

"RESULT OF 'NO' VOTE: 'No' vote retains current law allowing condemnation for any public use, including transfer to private party, and allowing government to waive certain land use regulations.

"SUMMARY: Under current law, if land use regulation is enacted after property is acquired and regulation restricts use, reduces fair market value of property, government must pay just compensation or may instead, at government's option, waive regulation. Measure conditions

---

[1] A copy of the proposed measure is attached as an Appendix.

government authority to condemn owner-occupied house or duplex unless purpose is to allow ownership, use by public body; if purpose is to convey property or property interest to new private party, government must pay double amount of just compensation. Prohibits government waiver of land use regulations if proposed use reduces value of neighboring home or harms family farm. Prohibits waivers to corporations or developers (defined). Allows one single family dwelling to be built if dwelling would have been allowed when property was acquired. Other provisions."

Petitioner challenges the caption, the "yes" vote result statement, the "no" vote result statement, and the summary. Although the proposed measure and ballot title in this case differ in some respects from the proposed measure and ballot title in *Hunnicutt (S52977)*, our decision in that case controls the outcome here.

We begin with petitioner's challenges to the caption. Although petitioner raises numerous challenges to the caption, only one of his objections is well taken. He argues, as he did in *Hunnicutt (S52977)*, that the caption is inaccurate because it states that the proposed measure "limits government authority to waive land use regulations" that restrict a landowner's use of his or her land but says nothing about the fact that the proposed measure also would relieve government of its obligation to compensate those landowners. We agree with that argument for the reasons explained in *Hunnicutt (S52977)* and refer the caption to the Attorney General for modification.[2]

Petitioner also challenges the "yes" and "no" vote result statements. Petitioner contends that both the "yes" and "no" vote result statements "suffer from many of the same flaws as the caption." He then lists the specific ways in which, he contends, those statements are flawed. In listing the perceived flaws in the "yes" and "no" vote result statements, petitioner repeats the objections that we have held are not persuasive. He omits any objection on the ground that we have held requires the Attorney General to modify the

---

[2] We have considered the other challenges that petitioner raises to the caption and reject them without further discussion.

caption. Petitioner has raised no valid objection to the "yes" and "no" vote result statements.

Finally, petitioner challenges the Attorney General's summary of the measure. As with the "yes" and "no" vote result statements, petitioner reiterates the challenges to the caption that we already have held are not persuasive. He omits, as he did before, any objection on the ground that we held requires the Attorney General to modify the caption. We note that, although petitioner has not argued that the "yes" vote result statement, the "no" vote result statement, and the summary are inaccurate because they refer only to waiving the land use laws, the Attorney General has the authority to modify the ballot title on referral to ensure that it accurately describes the proposed measure. *See Kain v. Myers*, 336 Or 116, 123 n 3, 79 P3d 864 (2003) (recognizing that authority).

Ballot title referred to Attorney General for modification.

**GILLETTE, J.**, dissenting.

I respectfully dissent from the majority's decision in this case for the reasons expressed in my dissenting opinion in *Hunnicutt v. Myers (S52977)*, 340 Or 83, 127 P3d 1182 (2006).

Riggs and Balmer, JJ., join in this dissenting opinion.

APPENDIX
COPY OF PROPOSED INITIATIVE PETITION #81

Be it enacted by the people of the State of Oregon:

**Section 1.** Sections 2 to 7 of this act shall be known, and may be cited, as **The Home Owner and Family Farmer's Bill of Rights.**

**Section 2. Home Owner Compensation for Taking.** (1) Except as provided in subsection (2) of this section, government may not condemn property on which an owner-occupied house or duplex is located unless the primary purpose for taking the property is to allow all or a portion of the property to be owned or used by a public body. For the purposes of this subsection, conveyance of condemned property or of an interest in condemned property to a private party is not a public purpose.

(2) Subsection (1) of this section does not apply if government pays the home owner, in addition to just compensation required by Article I, section 18 of the Oregon Constitution, an additional sum equal to the just compensation required by Article I, section 18 of the Oregon Constitution.

**Section 3. No Exemptions that Reduce Property Values.** Government shall not waive a land use law to allow a use that would reduce the value of a neighboring home or harm a neighboring family farm. No use that would reduce the value of a neighboring home or harm a neighboring family farm shall be the basis of any demand for payment for complying with a land use law.

**Section 4. No Special Rights for Developers or Corporations.** Government shall not allow any corporation or developer to divide, build on or use land in violation of land use laws, whether by waiver or any other means, nor shall government pay a corporation or developer to comply with land use laws. A developer or corporation shall not pay or contract with another person to obtain government permits or approvals on behalf of or in cooperation with the developer or corporation to divide, build on or use land in violation of land use laws, whether by waiver or any other means.

**Section 5. Homestead Right.** A property owner may build a single family dwelling on the property owner's homestead tract if the property owner could have built a single family dwelling on the homestead tract under the land use laws in effect when the property owner acquired the homestead tract. A property owner is limited to one dwelling under this section and may not obtain relief under both this section and under Chapter 1, Oregon Laws 2005.

**Section 6. Burden of Proof on Government, Corporation, or Developer.** In any litigation brought by a home owner or family farmer to enforce this 2006 act, the defendant government entity, corporation or developer shall have the burden of demonstrating compliance with a law. If the home owner or family farmer prevails in the litigation, the court shall award the home owner or family farmer costs and reasonable attorney fees, payable by the defendants, in addition to any other appropriate relief.

**Section 7. Definitions.** As used in this 2006 Act,

(1) "Corporation" means any business entity other than a sole proprietor or a family farm.

(2) "Developer" means a person or business entity engaged in developing real property.

(3) "Family farm" means a farm owned by the farm operator, by one or more family members of the farm operator, by an entity created by the farm operator or one or more family members of the farm operator, or by any combination of the foregoing.

(4) "Government" means a public body as defined in ORS 174.109.

(5) "Homestead tract" means a tract as defined in ORS 215.010 owned by a property owner, as that tract existed on January 1, 2005.

(6) "Land use law" means:

(a) A "comprehensive plan" or a "land use regulation" as defined in ORS 197.015;

(b) Administrative rules or goals of the Land Conservation and Development Commission or Oregon Department of Transportation;

    (c)    Metropolitan service district regional framework plans, functional plans, or planning goals and objectives; or

    (d)    Statutes or administrative rules regulating forest practices.

(7)    "Waive" and "waiver" mean:

    (a)    To modify, remove, or not apply a land use regulation, or to allow property to be used notwithstanding a regulation, as provided in Chapter 1, Oregon Laws 2005; or

    (b)    To issue any land use approvals or permits pursuant to subsection (4)(a) of this section.

**Section 8.**    Sections 3 to 7 of this 2006 act are added to and made a part of ORS chapter 197.

**Section 9.**    This 2006 act supersedes any contrary law in force on or before the effective date of this act.

**Section 10.**    If a court of competent jurisdiction declares any part of this 2006 act invalid, the remaining parts shall continue to have full force and effect.