FILED: February 9, 2006



IN THE SUPREME COURT OF THE STATE OF 

OREGON


DAVID J. HUNNICUTT,


Petitioner,


v.



HARDY MYERS,
 Attorney General,
 State of Oregon,


Respondent.



(SC S52978)



En Banc



On petition to review ballot title.



Submitted on the record January 24, 2006.



Ross A. Day, Tigard, filed the petition and the reply
memorandum for petitioner.



Denise G. Fjordbeck, Assistant Attorney General, Salem,
filed the answering memorandum for respondent. With her on the
answering memorandum were Hardy Myers, Attorney General, and Mary
H. Williams, Solicitor General.



KISTLER, J.



Ballot title referred to Attorney General for modification.



Gillette, J., dissented and filed an opinion in which Riggs
and Balmer, JJ., joined.


KISTLER, J.


Petitioner challenges the Attorney General's certified
ballot title for Initiative Petition 81 (2006). Because the
ballot title does not substantially comply with the standards set
out in ORS 250.035(2), we refer the ballot title to the Attorney
General for modification.


The proposed measure at issue in this case duplicates
in large part the proposed measure at issue in Hunnicutt v. Myers
(S52977), ___ Or ___, ___ P3d ___ (decided this date) (Initiative
Petition 80 (2006)). (1) The proposed measure would eliminate
a public body's statutory obligation to pay just compensation or
waive the land use laws in two situations. It also would
preserve a property owner's right to build a single family home. 
The proposed measure, however, includes an additional provision;
it would authorize a public body to condemn certain types of real
property for private use only if the public body paid the
property owner twice the property's fair market value.


The Attorney General certified the following ballot
title:


"LIMITS GOVERNMENT AUTHORITY TO WAIVE LAND USE
REGULATIONS; REQUIRES ADDITIONAL COMPENSATION FOR
CERTAIN LAND CONDEMNATIONS



"RESULT OF 'YES' VOTE: 'Yes' vote limits
government authority to waive land use regulations;
requires government to pay additional compensation when
condemning certain land for conveyance to private
owner.



"RESULT OF 'NO' VOTE: 'No' vote retains current
law allowing condemnation for any public use, including
transfer to private party, and allowing government to
waive certain land use regulations.



"SUMMARY: Under current law, if land use
regulation is enacted after property is acquired and
regulation restricts use, reduces fair market value of
property, government must pay just compensation or may
instead, at government's option, waive regulation. 
Measure conditions government authority to condemn
owner-occupied house or duplex unless purpose is to
allow ownership, use by public body; if purpose is to
convey property or property interest to new private
party, government must pay double amount of just
compensation. Prohibits government waiver of land use
regulations if proposed use reduces value of
neighboring home or harms family farm. Prohibits
waivers to corporations or developers (defined). 
Allows one single family dwelling to be built if
dwelling would have been allowed when property was
acquired. Other provisions."



Petitioner challenges the caption, the "yes" vote
result statement, the "no" vote result statement, and the
summary. Although the proposed measure and ballot title in this
case differ in some respects from the proposed measure and ballot
title in Hunnicutt (S52977), our decision in that case controls
the outcome here.


We begin with petitioner's challenges to the caption. 
Although petitioner raises numerous challenges to the caption,
only one of his objections is well taken. He argues, as he did
in Hunnicutt (S52977), that the caption is inaccurate because it
states that the proposed measure "limits government authority to
waive land use regulations" that restrict a landowner's use of
his or her land but says nothing about the fact that the proposed
measure also would relieve government of its obligation to
compensate those landowners. We agree with that argument for the
reasons explained in Hunnicutt (S52977) and refer the caption to
the Attorney General for modification. (2)


Petitioner also challenges the "yes" and "no" vote
result statements. Petitioner contends that both the "yes" and
"no" vote result statements "suffer from many of the same flaws
as the caption." He then lists the specific ways in which, he
contends, those statements are flawed. In listing the perceived
flaws in the "yes" and "no" vote result statements, petitioner
repeats the objections that we have held are not persuasive. He
omits any objection on the ground that we have held requires the
Attorney General to modify the caption. Petitioner has raised no
valid objection to the "yes" and "no" vote result statements.


Finally, petitioner challenges the Attorney General's
summary of the measure. As with the "yes" and "no" vote result
statements, petitioner reiterates the challenges to the caption
that we already have held are not persuasive. He omits, as he
did before, any objection on the ground that we held requires the
Attorney General to modify the caption. We note that, although
petitioner has not argued that the "yes" vote result statement,
the "no" vote result statement, and the summary are inaccurate
because they refer only to waiving the land use laws, the
Attorney General has the authority to modify the ballot title on
referral to ensure that it accurately describes the proposed
measure. See Kain v. Myers, 336 Or 116, 123 n 3, 79 P3d 864
(2003) (recognizing that authority).


Ballot title referred to Attorney General for
modification.


GILLETTE, J., dissenting.

I respectfully dissent from the majority's decision in this case for the reasons expressed in my dissenting opinion in Hunnicutt v. Myers (S52977), ___ Or ___, ___ P3d ___ (decided this date).

Riggs and Balmer, JJ., join in this dissenting opinion.



APPENDIX
COPY OF PROPOSED INITIATIVE PETITION #81



Be it enacted by the people of the State of Oregon:



Section 1. Sections 2 to 7 of this act shall be known,
and may be cited, as The Home Owner and Family Farmer's Bill
of Rights.



Section 2. Home Owner Compensation for Taking. 
(1) Except as provided in subsection (2) of this section,
government may not condemn property on which an owner-occupied
house or duplex is located unless the primary purpose for taking
the property is to allow all or a portion of the property to be
owned or used by a public body. For the purposes of this
subsection, conveyance of condemned property or of an interest in
condemned property to a private party is not a public purpose.



(2) Subsection (1) of this section does not apply if government
pays the home owner, in addition to just compensation required by
Article I, section 18 of the Oregon Constitution, an additional
sum equal to the just compensation required by Article I, section
18 of the Oregon Constitution.



Section 3. No Exemptions that Reduce Property Values.
 Government shall not waive a land use law to allow a use that
would reduce the value of a neighboring home or harm a
neighboring family farm. No use that would reduce the value of a
neighboring home or harm a neighboring family farm shall be the
basis of any demand for payment for complying with a land use
law.



Section 4. No Special Rights for Developers or
Corporations. Government shall not allow any corporation or
developer to divide, build on or use land in violation of land
use laws, whether by waiver or any other means, nor shall
government pay a corporation or developer to comply with land use
laws. A developer or corporation shall not pay or contract with
another person to obtain government permits or approvals on
behalf of or in cooperation with the developer or corporation to
divide, build on or use land in violation of land use laws,
whether by waiver or any other means.



Section 5. Homestead Right. A property owner may
build a single family dwelling on the property owner's homestead
tract if the property owner could have built a single family
dwelling on the homestead tract under the land use laws in effect
when the property owner acquired the homestead tract. A property
owner is limited to one dwelling under this section and may not
obtain relief under both this section and under Chapter 1, Oregon
Laws 2005.



Section 6. Burden of Proof on Government,
Corporation, or Developer. In any litigation brought by a
home owner or family farmer to enforce this 2006 act, the
defendant government entity, corporation or developer shall have
the burden of demonstrating compliance with a law. If the home
owner or family farmer prevails in the litigation, the court
shall award the home owner or family farmer costs and reasonable
attorney fees, payable by the defendants, in addition to any
other appropriate relief.



Section 7. Definitions. As used in this 2006 Act,


(1) "Corporation" means any business entity other than
a sole proprietor or a family farm.


(2) "Developer" means a person or business entity
engaged in developing real property.


(3) "Family farm" means a farm owned by the farm
operator, by one or more family members of the
farm operator, by an entity created by the farm
operator or one or more family members of the farm
operator, or by any combination of the foregoing.


(4) "Government" means a public body as defined in ORS
174.109.


(5) "Homestead tract" means a tract as defined in ORS
215.010 owned by a property owner, as that tract
existed on January 1, 2005.


(6) "Land use law" means:


(a) A "comprehensive plan" or a "land use
regulation" as defined in ORS 197.015;


(b) Administrative rules or goals of the Land
Conservation and Development Commission or
Oregon Department of Transportation;


(c) Metropolitan service district regional
framework plans, functional plans, or
planning goals and objectives; or


(d) Statutes or administrative rules regulating
forest practices.


(7) "Waive" and "waiver" mean:


(a) To modify, remove, or not apply a land use
regulation, or to allow property to be used
notwithstanding a regulation, as provided in
Chapter 1, Oregon Laws 2005; or


(b) To issue any land use approvals or permits
pursuant to subsection (4)(a) of this
section.



Section 8. Sections 3 to 7 of this 2006 act are added to
and made a part of ORS chapter 197.



Section 9. This 2006 act supersedes any contrary law in
force on or before the effective date of this act.



Section 10.  If a court of competent jurisdiction declares
any part of this 2006 act invalid, the remaining parts shall
continue to have full force and effect.





1. A copy of the proposed measure is attached as an
appendix.

Return to previous location.



2. We have considered the other challenges that petitioner
raises to the caption and reject them without further discussion.

Return to previous location.