Submitted on the record April 4, ballot title referred to Attorney General for modification May 26, 2005

Art TOWERS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(S52203)

112 P3d 1184

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter P.C., Portland, filed the petition for petitioner.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the response for respondent. With him on the response were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

### GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for an initiative petition, denominated by the Secretary of State as Initiative Petition 15 (2006). Initiative Petition 15, if adopted, would amend the Oregon Constitution by adding a section whose stated purpose is to restrict how a person, company, or organization may use funds obtained by means of public employee payroll deductions. Section 1 of the initiative petition prohibits the use of any such funds for "political purposes" unless the employer has on file a current writing from each employee that authorizes such deductions.

Initiative Petition 15 then sets out eight subsections (two of which are identically denominated as subsection "(f)"). Subsection (a) defines money used for "political purposes" to include any funds, including in-kind and pass-through contributions, either contributed to a political candidate for public office or a political party, or used to support or oppose a ballot measure, or used to collect signatures or oppose any signature gathering efforts. Subsection (b) excludes from the initiative petition's coverage money spent on lobbying elected officials, unless those funds are spent within 90 days of an election. Subsection (c) provides that the employee's authorization must be in writing and renewed annually on a specific form. Subsection (d) establishes a system of fines for violations of the substantive provisions of the initiative petition. Subsection (e) requires that any entity using funds obtained through a payroll deduction for political purposes keep those funds segregated from other funds. The first subsection (f) prohibits any person, company, or organization that commingles funds in violation of subsection (e) from subsequently using a public payroll system to collect funds for political purposes, subject to limited exceptions. The second subsection (f) specifies that the initiative petition does not create a right to use payroll deduction funds for political purposes. Subsection (g) is a severability clause.[1]

---

[1] Initiative Petition 15 is identical to another proposed measure, denominated by the Secretary of State as Initiative Petition 17 (2006), except that Initiative

Petitioner is an elector who timely submitted certain written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). For the reasons that follow, we conclude that the ballot title challenged here does not so comply.

The Attorney General certified the following ballot title for Initiative Petition 15:

"AMENDS CONSTITUTION: RESTRICTS HOW INDIVIDUALS AND ORGANIZATIONS RECEIVING PUBLIC EMPLOYEES' PAYROLL DEDUCTIONS MAY USE, MANAGE THOSE DEDUCTIONS

"RESULT OF 'YES' VOTE:   'Yes' vote prohibits individuals, organizations from using public employees' payroll deductions for 'political purposes' (defined) without obtaining employee's written, annual authorization and satisfying additional requirements.

"RESULT OF 'NO' VOTE:   'No' vote retains current law, which neither limits uses to which payroll deductions may be put nor requires segregating payroll deductions earmarked for political purposes.

"SUMMARY:   Amends Constitution. Current law neither limits use of public employees' payroll deductions nor requires segregating deductions earmarked for political purposes. Measure prohibits individuals, organizations receiving public employees' payroll deductions from using them for 'political purposes' without obtaining employee's permission annually granted on form used for this purpose. Deductions are used for 'political purposes' when any portion is: contributed to candidate, political committee, party;

---

Petition 15 applies only to employee payroll funds deducted by public employers, while Initiative Petition 17 applies to all employers. The Attorney General has certified a ballot title for Initiative Petition 17 that is similar in all material respects to the ballot title under consideration in this case. Petitioner in this case also has challenged the Attorney General's certified ballot title respecting Initiative Petition 17. *See Towers v. Myers (S52204)*, 338 Or 550, 112 P3d 1190 (2005) (dealing with objections to ballot title for Initiative Petition 17).

or spent supporting/opposing ballot measure, public-office candidate. Deductions are not used for 'political purposes' when spent lobbying, unless spent on communications identifying public-office candidate within 90 days of election. Anyone receiving public employees' payroll deductions for 'political purposes' must keep them segregated. Anyone violating measure may be fined and barred from collecting funds through public payroll system. Other provisions."

Petitioner challenges only the summary in the Attorney General's certified ballot title. ORS 250.035(2)(d) requires that the ballot title contain a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioner asserts that the Attorney General's summary fails to meet the foregoing standard in four different respects, which we address separately.

■ Petitioner asserts, first, that the Attorney General's summary "inaccurately describes the current state of the law." Specifically, petitioner notes that the summary states that "[c]urrent law neither limits use of public employees' payroll deductions nor requires segregating deductions earmarked for political purposes." However, petitioner argues, that statement is not correct: "[C]urrent law does in fact contain 'limits' on the use of public employees' payroll deductions. Under current law, a union cannot require employee payroll deductions to be used for political purposes. * * * That is a limit."

■ Although petitioner cites no source of law for the above statement, we assume that he refers to the familiar case law from the United States Supreme Court that holds that a union cannot require an employee to contribute that part of "fair share" dues that the union devotes to political purposes, if the employee objects. *See, e.g., Abood v. Detroit Board of Education*, 431 US 209, 234-36, 97 S Ct 1782, 52 L Ed 2d 261 (1977) (unions may spend dues of particular employee on political causes only when employee does not object); *Elvin v. OPEU*, 313 Or 165, 168, 832 P2d 36 (1992) (discussing *Abood*). On that assumption, we agree with petitioner. Federal First Amendment jurisprudence limits the power to impose such deductions and imposes significant procedural requirements respecting the process. *Elvin*, 313 Or at

168-70 (discussing *Abood* and procedural requirements identified by Supreme Court of United States in *Chicago Teachers Union v. Hudson*, 475 US 292, 305-07, 106 S Ct 1066, 89 L Ed 2d 232 (1986)). The ballot title therefore must be referred to the Attorney General for modification respecting that point.[2]

■　　　Petitioner next asserts that the Attorney General's summary improperly uses the pronoun "anyone" to "describe the full range of individuals and entities affected by the initiative." "Anyone," petitioner asserts, is a pronoun that refers only to an individual; it does not include, for example, corporations, although corporate entities clearly are included in Initiative Petition 15's prohibition on use of funds for "political purposes."[3] The Attorney General responds that, although petitioner's grammatical point technically is correct, this court nonetheless safely may ignore it because other parts of the Attorney General's ballot title state that the initiative petition restricts how "individuals and organizations" may use and manage public employee payroll deductions.

　　　We are unpersuaded by the Attorney General's justification. The last two sentences of the Attorney General's summary deal with the requirement that payroll deduction funds intended for political purposes be segregated and the provision that anyone who violates the substantive prohibitions of the proposed measure never again will be allowed to obtain payroll deductions. In each case, the sentence begins with the word "[a]nyone." The use of that pronoun is incorrect because it is underinclusive. The initiative petition's disqualification extends to corporations and organizations as well as individuals. Worse, the use of the pronoun is in direct contrast to earlier references in the ballot title, both in the summary and elsewhere, to "individuals and organizations."

---

[2] As we have indicated, petitioner in this case challenges only the Attorney General's summary. However, we note that the wording that we here disapprove is a substantial mirror of the wording of the Attorney General's "no" vote result statement, which petitioner does not challenge. On referral, the Attorney General may wish to consider making a modification of that part of the ballot title, as well. *See Kain v. Myers*, 336 Or 116, 123 n 3, 79 P3d 864 (2003) (recognizing such authority); *Mabon v. Myers*, 332 Or 633, 640, 33 P3d 988 (2001) (same).

[3] Petitioner is correct grammatically. *Webster's Third New Int'l Dictionary* 97 (unabridged ed 2002) defines "anyone" as "any person indiscriminately: anybody."

Grammatically, those contrasting usages leave the impression that the topics discussed by the last two sentences of the summary apply only to individuals. As we have indicated, and as the Attorney General acknowledges, such is not the case. We hold that that aspect of the Attorney General's summary also fails to meet the standard of ORS 250.035(2)(d). It therefore must be modified.

■ Petitioner next argues that the Attorney General's summary is deficient in that "it fails to mention the full extent of the penalties for violations." Initiative Petition 15, petitioner asserts, "contains extremely harsh penalties." The most important aspect of those penalties, petitioner further asserts, is the permanent bar on receiving future payroll deductions, once a person or organization violates the substantive provisions of the proposed measure. Petitioner concludes that the permanent nature of the disqualification from receiving payroll deduction funds must be included in the summary, "because the way the draft ballot title currently is written, the voters would infer that the bar lasts only one election cycle or applies to only one issue."

We disagree with petitioner. The Attorney General's summary uses the verb "barred," a word that fairly communicates—in our view—the permanent nature of the consequence. It might be, as the Attorney General acknowledges, that the summary would be even better if it used the word "permanent," but, as this court consistently has held, the fact that a part of a ballot title could be "better" does not establish that the ballot title fails to meet the statutory standard. *See, e.g.*, *Phillips v. Myers*, 325 Or 221, 228, 936 P2d 964 (1997) (so holding).[4]

■ For his final argument, petitioner contends that the summary inadequately explains that, under the initiative petition, a deduction will be deemed to have been used for a political purpose if it is spent on efforts to obtain or discourage the gathering of signatures for initiative petitions. Petitioner acknowledges that the summary explains that a deduction will be deemed to have been used for a political

---

[4] Of course, the Attorney General will be free on referral to change this aspect of the summary, if he wishes. *See* cases cited above, 338 Or at 547 n 2 (recognizing such authority).

purpose if it is "spent supporting/opposing ballot measure." However, petitioner asserts, a "ballot measure" is a proposed initiative that actually has been placed on the ballot; signature-gathering in support of the measure already has occurred.

The Attorney General responds that this court should not consider petitioner's last argument. ORS 250.085(6) provides that, when reviewing a ballot title, this court "shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns [wording] added to or removed from the draft title after expiration of the comment period[.]" Here, the Attorney General argues, although the draft ballot title contained the wording to which petitioner now objects, he did not object to it earlier. We have reviewed the comments that petitioner submitted to the Secretary of State respecting the proposed measure and find the Attorney General's point to be well taken. We decline to address this issue.[5]

We hold that, for the reasons stated, the Attorney General's summary in his certified ballot title for Initiative Petition 15 fails to meet the requirements of ORS 250.035(2)(d). We therefore refer the ballot title to the Attorney General for modification.

Ballot title referred to Attorney General for modification.

---

[5] We elsewhere have held that an argument that is the equivalent of petitioner's argument on the merits of this issue is valid. *See Terhune v. Myers*, 338 Or 554, 558-59, 112 P3d 1188 (2005) (so holding). Because we refer this case to the Attorney General for modification in other respects, he is free to modify the ballot title summary in this respect as well. *See* cases cited above, 338 Or at 547 n 2 (recognizing such authority).