Submitted on the record April 4, ballot title referred to Attorney General for modification May 26, 2005

Art TOWERS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(S52204)

112 P3d 1190

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter P.C., Portland, filed the petition for petitioner.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the response for respondent. With him on the response were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for an initiative petition, denominated by the Secretary of State as Initiative Petition 17 (2006). InitiativePetition 17, if adopted, would amend the Oregon Constitution by adding a section whose stated purpose is to restrict how a person, company, or organization may use funds obtained by means of payroll deductions from employers. The initiative petition differs from a companion measure, Initiative Petition 15 (2006), in only one material respect: Initiative Petition 15 is limited to payroll deductions made by public employers, while Initiative Petition 17 applies to all employers.

In *Towers v. Myers (S52203)*, 338 Or 542, 112 P3d 1184 (2005), we set out a summary of each of the substantive provisions of Initiative Petition 15. That summary also accurately describes the proposed measure before us in this case; we therefore do not repeat it here.

Petitioner is an elector who timely submitted certain written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). Petitioner's objections to the Attorney General's certified ballot title for the initiative petition now before us are confined to the summary and are substantively identical to the arguments that petitioner made respecting the summary for Initiative Petition 15. The Attorney General's responses also are substantively identical. In *Towers*, 338 Or at 549, we held that two of petitioner's challenges to the Attorney General's ballot title summary for Initiative Petition 15 were well taken and that the summary therefore failed to meet the requirements of ORS 250.035(2)(d). For the reasons that we expressed in that case, we now hold that the Attorney General's ballot title summary for Initiative

Petition 17 similarly is deficient. We therefore refer the ballot title to the Attorney General for modification.[1]

Ballot title referred to Attorney General for modification.

---

[1] We also note, as we did in *Towers*, that the Attorney General may, in the course of his modifications to the ballot title summary in this case, make other modifications to the ballot title. *See Kain v. Myers*, 336 Or 116, 123 n 3, 79 P3d 864 (2003) (recognizing such authority); *Mabon v. Myers*, 332 Or 633, 640, 33 P3d 988 (2001) (same).