Submitted on the record April 4, ballot title referred to Attorney General for modification May 26, modified ballot title certified June 13, 2005 (338 Or 621)

Chip TERHUNE,
Kris Kain, and Art Towers,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(S52205)

112 P3d 1188

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition for petitioners.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the response for respondent. With him on the response were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

### GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for an initiative petition, denominated by the Secretary of State as Initiative Petition 20 (2006). Initiative Petition 20, if adopted, would add to Oregon statutes a section whose substantive purpose is set out in its first paragraph:

> "Except for money spent on the preparation, printing and distribution of an official voters pamphlet or money spent conducting an election, no public resource shall be used to collect or help collect money that will be used for a political purpose. If a person, company, group, or organization uses for a political purpose any money collected for it by a government entity, including by an agent acting on behalf of a government entity, or commingles political funds with funds collected wholly or in part by a government entity, no government entity or agent thereof, thereafter, shall collect money for any purpose for that person, company, group, or organization."

Initiative Petition 20 has four additional provisions, which are set out as subsections of the foregoing section. Subsection (a) states that "money shall be deemed to have been used for a political purpose" if any portion of the money, including in-kind and pass-through contributions and independent expenditures, is contributed to a candidate, a political committee, or a political party, "or is spent supporting or opposing * * * a ballot measure, including any effort to collect signatures to place a measure on the ballot" (including direct mail and media campaigns having such purposes). Subsection (b) excepts from the initiative petition's coverage "money spent lobbying an elected official," with a further exception to that exception for certain money spent on "communications" made within 90 days of an election. Subsection (c) provides that the initiative petition shall supercede any preexisting statute or rule with which it conflicts. Subsection (d) is a severability clause.

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title for the initiative petition and who therefore are entitled to seek review of

the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). For the reasons that follow, we conclude that the ballot title challenged here does not so comply.

The Attorney General certified the following ballot title for Initiative Petition 20:

"RESTRICTS HOW INDIVIDUALS, ORGANIZATIONS RECEIVING MONEY COLLECTED WITH PUBLIC RESOURCES MAY USE, MANAGE THAT MONEY

"RESULT OF 'YES' VOTE:   'Yes' vote prohibits individuals, organizations from using money collected with public resources for 'political purposes' (defined) and from commingling government-collected money with political funds.

"RESULT OF 'NO' VOTE:   'No' vote retains current law, which prohibits neither using money collected with public resources for political purposes nor commingling government-collected money with political funds.

"SUMMARY:   Current law prohibits neither using money collected with public resources for political purposes nor commingling government-collected money with political funds. Unless spent preparing/distributing voters' pamphlet, measure prohibits individuals and organizations from using money collected with any public resources for 'political purposes.' Money is used for 'political purposes' when any portion is: contributed to candidate, political committee, party; or spent supporting/opposing ballot measure or public-office candidate. Money is not used for 'political purposes' when spent lobbying, unless spent on communications identifying public-office candidate within 90 days of election. If an individual, organization uses money collected by a government entity for 'political purposes' or commingles that money with political funds, measure bars individual, organization from collecting money through government entities. Other provisions."

Petitioners challenge the "yes" vote result statement, the "no" vote result statement, and the summary in the

Attorney General's certified ballot title. We have considered each of petitioners' challenges respecting the two result statements and conclude that they are not well taken. A more complete discussion of petitioners' arguments in that regard, or our reasons for rejecting them, would not benefit the parties, the public, bench, or bar. We turn to the petitioners' challenge to the Attorney General's summary.

ORS 250.035(2)(d) requires that the ballot title contain a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioners assert that the Attorney General's summary fails to meet the foregoing standard in several different respects. We find merit in one of those arguments.[1]

Petitioners contend that the summary inadequately explains the scope of "political purposes" under Initiative Petition 20. Specifically, petitioners point out that, under the petition, money will be deemed to have been used for a political purpose if it is spent on efforts to obtain or discourage the gathering of signatures for initiative petitions. Petitioners point out that the summary states only that money will be deemed to have been used for a political purpose if it is "spent supporting/opposing ballot measure." However, petitioner asserts, a "ballot measure" is a proposed initiative that actually has been placed on the ballot; signature-gathering in support of such a measure already has occurred.[2]

Petitioners' argument is well taken. As noted earlier, subsection (a) of the Initiative Petition 20 states that "money shall be deemed to have been used for a political purpose" if any portion of the money, including in-kind and pass-through contributions and independent expenditures, "is spent supporting or opposing * * * a ballot measure, *including any*

---

[1] Petitioners' other arguments respecting the Attorney General's summary are not well taken, and we do not discuss them.

[2] For some reason, the Attorney General did not respond in his brief in this case to this argument by petitioners. In *Towers v. Myers (S52203)*, 338 Or 542, 548-49, 112 P3d 1184 (2005), we declined to address this same issue in connection with the Attorney General's certified ballot title for Initiative Petition 15 (2006), because the petitioner in that case had not timely raise the issue. Here, petitioners did timely raise the issue to the Secretary of State and therefore are entitled to have it considered here. *See* ORS 250.085(6) (with exception not pertinent here, court shall not consider arguments not submitted to Secretary of State).

*effort to collect signatures to place a measure on the ballot."* (Emphasis added.) As the emphasized part of that provision demonstrates, the initiative petition sweeps beyond the normal understanding of "ballot measure" to encompass activity preliminary to placing a proposed measure on the ballot. However, as petitioners correctly point out, the Attorney General's summary states only that "Money is used for 'political purposes' when any portion is: * * * spent supporting/opposing ballot measure * * *." That statement is underinclusive and inaccurate. It must be changed, in order for the Attorney General's summary to comply with the requirements of ORS 250.035(2)(d). We hold that, for the reason stated, the Attorney General's summary in his certified ballot title for Initiative Petition 20 fails to meet the requirements of ORS 250.035(2)(d).

Ballot title referred to Attorney General for modification.