Submitted on the record August 8, ballot title referred to Attorney General for modification September 8, modified ballot title certified September 25, 2006 (341 Or 451)

Art TOWERS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53591)

142 P3d 1040

358

Steven C. Berman, Stoll Stoll Berne Lokting & Schlachter, P.C., Portland, filed the petition and reply for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

## KISTLER, J.

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 18 (2008). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review).

Article XVII, section 1, of the Oregon Constitution provides that either the legislature or the people, exercising the initiative power, may amend the constitution. It sets out both the terms on which they may amend the constitution and the procedures for doing so. It provides, in part:

> "The votes for and against such amendment, or amendments, severally, whether proposed by the legislative assembly or by initiative petition, shall be canvassed by the secretary of state in the presence of the governor, and if it shall appear to the governor that the majority of the votes cast at said election on said amendment, or amendments, severally, are cast in favor thereof, it shall be his duty forthwith after such canvass, by his proclamation, to declare the said amendment, or amendments, severally, having received said majority of votes to have been adopted by the people of Oregon as part of the Constitution thereof, and the same shall be in effect as a part of the Constitution from the date of such proclamation. When two or more amendments shall be submitted in the manner aforesaid to the voters of this state at the same election, they shall be so submitted that each amendment shall be voted on separately."

Or Const, Art XVII, § 1. Initiative Petition 18, if enacted, would exempt initiated constitutional amendments from the substantive and procedural requirements of Article XVII, section 1.[1]

The Attorney General certified the following ballot title for Initiative Petition 18:

---

[1] A copy of the proposed measure is attached as an Appendix to this opinion. The proposed measure purports to set out the existing text of Article XVII, section 1, before setting out the text that the measure would add to that section. The proposed measure, however, does not set out the existing text of Article XVII, section 1, accurately. We have inserted the word "(*sic*)" in the proposed measure to indicate any error in reproducing the existing constitutional text.

"AMENDS CONSTITUTION: AMENDS PROVISION FOR AMENDING CONSTITUTION BY INITIATIVE, BYPASSES SEPARATE VOTE REQUIREMENT FOR EACH SUBSTANTIVE AMENDMENT

"RESULT OF 'YES' VOTE: 'Yes' vote amends the constitutional provision for amendments as to initiated amendments only; bypasses current requirement of a separate vote for each substantive constitutional amendment.

"RESULT OF 'NO' VOTE: 'No' vote retains current law applicable both to initiated amendments and amendments referred by the legislature, retains requirement of separate vote on each substantive amendment.

"SUMMARY: Amends constitution. Currently, the Oregon Constitution contains a provision for constitutional amendments that is applicable both to proposed amendments by initiative petition and to proposed amendments referred to the people by the legislature. When two or more amendments that are not closely related are submitted, each amendment must be voted on separately. The current provision also specifies the manner by which constitutional amendment that is approved by the electorate becomes law. This measure repeals current provision as to constitutional amendments initiated by citizen petition. If this measure is passed, initiated constitutional amendments would not be subject to the separate vote requirement, and constitutional provision for canvassing votes and declaring amendment to be part of constitution would not apply. Statutory procedures would still apply. Other provisions."

Petitioner challenges the caption, the "yes" vote result statement, the "no" vote result statement, and the summary.

A ballot title caption must contain "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). Petitioner argues that the certified caption fails to comply with that requirement in three respects. He contends that (1) the caption fails to identify the full impact of the proposed measure; (2) the caption is "confusing and uninformative"; and (3) the caption unduly emphasizes one aspect of the proposed measure—its effect on the separate-vote requirement.

Petitioner's first and third arguments rest on the same proposition. He argues that, even though Article XVII,

section 1, sets out three requirements for constitutional amendments, the caption focuses on only one of those requirements. As petitioner notes, Article XVII, section 1, specifies the method by which the Secretary of State will canvas votes for and against those amendments; it provides for the Governor's proclamation when an amendment receives a majority of votes; and it requires a separate vote on each amendment. The proposed measure, if adopted, would exempt future initiated constitutional amendments from those requirements.

Petitioner is correct that the caption focuses on only one of those requirements. As noted, the caption provides:

"AMENDS CONSTITUTION: AMENDS PROVISION FOR AMENDING CONSTITUTION BY INITIATIVE, BYPASSES SEPARATE VOTE REQUIREMENT FOR EACH SUBSTANTIVE AMENDMENT."

As written, the caption consists of two parallel verb phrases. The first phrase is general; the second, specific. The second phrase—"bypasses separate vote requirement for each substantive amendment"—appears to describe the first phrase ("amends provision for amending constitution by initiative"); that is, the second phrase implies that the only amendment that the proposed measure would make to Article XVII, section 1, is to exempt initiated constitutional amendments from the separate-vote requirement.

When the Attorney General chooses to describe the subject matter of a proposed measure by listing some of its effects, he runs the risk that the caption will be underinclusive and thus inaccurate. *See Kain v. Myers*, 336 Or 116, 121, 79 P3d 864 (2003) (describing problem). In this case, the caption is underinclusive because it describes only one of several changes that the proposed measure would make to Article XVII, section 1.

The Attorney General responds that the caption is not inaccurate; in his view, the omitted information is not material because existing statutes still would define the procedures that the Secretary of State and the Governor must

follow. However, a statutory requirement differs from a constitutional one. The legislature may change the former whenever it chooses. The latter requirement binds the legislature. The fact that a statute may prescribe a particular procedure does not excuse the Attorney General from describing parallel constitutional protections that a proposed measure would repeal. Because the certified caption is both underinclusive and inaccurate, we refer it to the Attorney General for modification. *See, e.g., Terhune v. Myers*, 338 Or 554, 558-59, 112 P3d 1188 (2005) (phrase "ballot measure" in summary was underinclusive and thus inaccurate because it failed to disclose that proposed measure would apply to both initiative petitions and ballot measures).

■    Petitioner also challenges the "yes" and "no" vote result statements. ORS 250.035(2)(b) and (c) require two "simple and understandable statement[s] of not more than 25 words" that describe the result if a state measure is approved and if it is rejected. The certified ballot title provides:

> "RESULT OF 'YES' VOTE:   'Yes' vote amends the constitutional provision for amendments as to initiated amendments only; bypasses current requirement of a separate vote for each substantive constitutional amendment.

> "RESULT OF 'NO' VOTE:   'No' vote retains current law applicable both to initiated amendments and amendments referred by the legislature, retains requirement of separate vote on each substantive amendment."

Petitioner raises the same challenge to the "yes" and "no" vote result statements that he raised to the caption; that is, he argues that each statement is underinclusive because it focuses on the separate-vote requirement to the exclusion of the other changes that the proposed measure would make. We agree, for the reasons stated above, that both vote result statements are underinclusive and thus inaccurate. We refer them to the Attorney General for modification.

■    Finally, petitioner challenges the summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." Petitioner argues that the summary is

deficient in two respects. He argues initially that the summary places undue emphasis on the separate-vote requirement. On that issue, the summary specifically identifies the other protections, in addition to the separate-vote requirement, that would not apply to initiated amendments if the proposed measure were adopted. That is sufficient to constitute substantial compliance with ORS 250.035(2).

Petitioner raises an alternative argument. He notes that the summary states that, if the measure is adopted, "[s]tatutory procedures would still apply." *See* ORS 254.555(2) (specifying procedures that Secretary of State and Governor must follow after people vote on ballot measures). Petitioner contends that the legislature might lack the authority to enact those statutes if the measure is adopted. As the Attorney General notes, however, petitioner has not identified anything in the proposed measure that would call into question the legislature's authority to enact those statutory procedures. In the absence of any identified limitation on the legislature's authority to enact ORS 254.555, petitioner's argument fails. *See MacPherson v. DAS*, 340 Or 117, 127, 130 P3d 308 (2006) (state legislature has plenary power to enact statutes unless limited by the state constitution or federal law).

For the reasons stated above, we conclude that the Attorney General must modify the caption, the "yes" vote result statement, and the "no" vote result statement. We refer the ballot title to the Attorney General for modification. ORS 250.085(8); *Flanagan v. Myers*, 332 Or 318, 323-25, 30 P3d 408 (2001) (explaining why referral is appropriate).

Ballot title referred to Attorney General for modification.

## APPENDIX

The proposed ballot measure provides:

BE IT RESOLVED BY THE PEOPLE OF THE STATE OF OREGON:

The Constitution of the State of Oregon is amended by adding new language to Section 1 of Article XVII. The language of the existing Section 1 is printed in regular type and the language to be added is printed in bold type. The amended Section 1 of Article XVII shall read as follows:

Section 1. Method of amending Constitution. Any amendment or amendments to this Constitution may be proposed in either branch of the legislative assembly, and if the same (*sic*) be agreed to by a majority of all the members elected to each of the two houses, such proposed amendment or amendments shall, with the yeas and nays thereon, be entered in their journals and referred by the secretary of state to the people for their approval or rejection, at the next regular general election, except when the legislative assembly shall order a special election for that purpose. If a majority of the electors voting on any such amendment shall vote in favor thereof, it shall thereby become (*sic*) part of this Constitution. The votes for an (*sic*) against such amendment, or amendments, severally, whether proposed by the legislative assembly or by initiative petition, shall be canvassed by the secretary of state in the presence of the governor, and if it shall appear to the governor that the majority of the votes cast at said election on said amendment, or amendments, severally, are cast in favor thereof, it shall be his duty forthwith after such canvas (*sic*), by his proclamation, to declare the said amendment, or amendments, severally, having received a (*sic*) majority of votes to have been adopted by the people of Oregon as part of the Constitution thereof, and the same shall be in effect as (*sic*) part of the Constitution from the date of such proclamation. When two or more amendment (*sic*) shall be submitted in the manner aforesaid to the voters of this state at the same election, they shall be so submitted that each amendment shall be voted on separately. No convention shall be called to amend or propose amendments to this Constitution, or to propose a new Constitution, unless the law providing for such convention shall first be approved

by the people on a referendum vote at a regular general election. This article shall not be construed to impair the right of the people to amend this Constitution by vote on an initiative petition therefore (*sic*). **This section shall apply only to Amendments referred to the People by the State Legislative Assembly and shall not apply to initiative petitions. This section shall not be used to prevent or delay the circulation of an initiative petition, the canvassing of the vote on a measure, or to invalidate an initiative measure, which voters have approved.**