Submitted on the record November 1, ballot title referred to the Attorney General for modification December 21, 2006, modified ballot title certified January 9, 2007 (342 Or 257)

Craig HONEYMAN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54078)

149 P3d 1147

James M. Brown, Portland, filed the petition for petitioner.

Rolf C. Moan, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for an initiative petition that the Secretary of State has denominated as Initiative Petition 42 (2008). Initiative Petition 42, if adopted, would redirect one percent of revenues presently derived from motor vehicle use and fuel taxes from the uses presently prescribed in Article IX, section 3a, of the Oregon Constitution and instead provide those funds to the Patrol Division of the Oregon State Police and to county sheriffs. It is the uses to which those funds then might be put that lies at the heart of the present dispute.

Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court of the resulting certified ballot title. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

At present, Article IX, section 3a, of the Oregon Constitution provides that revenues derived from taxes on motor vehicle ownership, operation, or use, and from taxes on fuel, be "used exclusively for the construction, reconstruction, improvement, repair, maintenance, operation and use of public highways, roads, streets, and rest areas." Or Const, Art IX, § 3a(1). Section (1) of the proposed measure would divert one percent of such funds derived from motor vehicle use and fuel tax revenues[1] in the following manner:

"In addition to the purposes authorized for use of revenues on motor vehicle use and fuel as delineated in Section 3a, Article IX of this Constitution, 1% (one percent) of such revenues *shall be dedicated to providing public safety services on Oregon's roads and highways,* to be appropriated by the Legislative Assembly under the following formula: 80% allocated *to the Patrol Division of the Oregon State Police,*

---

[1] The proposed measure would not create any new taxes.

*and 20% allocated to county sheriffs for highway patrol activities."*[2]

(Emphasis added.)

The Attorney General has certified the following ballot title for Initiative Petition 42 (2008):

"AMENDS CONSTITUTION: DEDICATES 1% OF MOTOR VEHICLE USE AND FUEL TAX REVENUES TO ROAD, HIGHWAY SAFETY

"RESULT OF 'YES' VOTE: 'Yes' vote dedicates 1% of existing motor vehicle use and fuel tax revenues to providing public safety services on roads and highways.

"RESULT OF 'NO' VOTE: 'No' vote retains requirement dedicating motor vehicle and fuel tax revenues to constructing, improving, repairing, maintaining, operating, and using highways, roads, streets, rest areas.

"SUMMARY: Amends Constitution. Constitution currently requires revenue from taxes on motor vehicle ownership, operation, use, and fuel to be used for construction, reconstruction, improvement, repair, maintenance, operation and use of public highways, roads, streets, rest areas; permits revenue from taxes on certain motor vehicles to be used for parks or recreation areas; permits revenues from taxes on commercial vehicles to be used to enforce commercial vehicle regulations. Measure dedicates 1% of existing revenues from motor vehicle use and fuel taxes to providing public safety services on state roads and highways. Of that amount, dedicates 80% to state police patrol division, remainder to county sheriff highway patrol activities. Shall not have the effect of raising motor vehicle fuel and use taxes or fees. Other provisions."

Petitioner objects to the caption, the "yes" result statement, and the summary. His objections have a common

---

[2] The measure has five other sections. Section (2) prescribes the manner in which the percentage of dedicated funds is to be apportioned to each county. Section (3) prohibits fines or penalties derived from the funds from being used to directly fund police or sheriff operations. Section (4) provides that the proposed measure shall not create any new tax. Section (5) provides a mechanism for preserving certain of the dedicated funds allowed to the Oregon State Police for the 2009-11 biennium to the next biennium. Section (6) provides that the proposed measure shall be self-executing. The full text of the proposed measure is set out as an Appendix to this opinion.

theme: He asserts that the proposed measure is intended to make funds available specifically for highway patrol work to be performed by the Oregon State Police and the county sheriffs, but that the Attorney General's certified ballot title obscures that fact by creating the impression that the funds could be applied to a wider range of tasks. For simplicity (and because it is representative), we focus on petitioner's challenge to the caption.

ORS 250.035(2)(a) requires that the Attorney General's certified ballot title contain a caption of not more than 15 words "that reasonably identifies the subject matter of the state measure." This court reviews a challenge to a ballot title caption to determine whether the caption "substantially compl[ies]" with that requirement. ORS 250.085(5). *See also, e.g., Towers v. Myers*, 341 Or 357, 360-62, 142 P3d 1040 (2006) (illustrating process).

As noted, the Attorney General certified a ballot title that included this caption:

"AMENDS CONSTITUTION:   DEDICATES 1% OF MOTOR VEHICLE USE AND FUEL TAX REVENUES TO ROAD, HIGHWAY SAFETY"

Petitioner asserts that the caption is inaccurate in that it indicates that the funds derived under it will be used for "road, highway safety" when, in fact, the proposed measure confines the use of the designated funds to the highway patrol activities of the various recipients. It is true, petitioner acknowledges, that patrolling the highways assists in promoting "road, highway safety." He argues, however, that that fact does not justify limiting the caption's description of the proposed measure's subject matter to those broader, more amorphous terms. Instead, petitioner asserts, the caption must complete its description of the subject matter of the proposed measure by indicating that the funds derived pursuant to it will be applied to highway patrol activities. Without that addition, petitioner argues, the Attorney General's caption would appear to dedicate the specified revenues to, among other things, guard rails, warning signs, and other "road, highway safety" expenditures unrelated to highway patrol activities. We agree that the wording chosen by the Attorney

General has that sweep and would encompass such non-patrol activities as traffic safety courses, school lectures, and the like. Thus, as an initial matter, we are inclined to accept petitioner's argument.

The Attorney General offers two responses. He argues, first, that the use of the terms "road, highway safety" is justified, because section (1) of the proposed measure itself says that its purpose is to "provid[e] public safety services on Oregon's roads and highways." We find that argument to be too limiting. It is true, of course, that section (1) of the measure states the purpose that the Attorney General describes. But that same section also states the way in which that purpose will be carried out, *i.e.*, by allocating the funds set aside to the Oregon State Police Patrol Division and the county sheriffs. Thus, and even assuming that the phrase, "road, highway safety," fairly encapsulates the concept stated in the phrase "dedicated to providing public safety services on Oregon's roads and highways" (a proposition that is subject to debate) the Attorney General here was not entitled to ignore the fact that "patrol activities"—the object of the fund—also are a part of the proposed measure's subject matter.

The Attorney General argues, in the alternative, that the measure does not necessarily limit the expenditure of the fund that it creates to highway patrol activities, at least with respect to that part of the fund dedicated to the Patrol Division. While recognizing that there can be no doubt that the proposed measure confines the part of the fund dedicated to local sheriffs to highway patrol activities, the Attorney General asserts that

> "the text [of subsection (1) of the proposed measure] plausibly can be read as permitting the state police Patrol Division to use the specified revenues for *any* activities that can be described as 'providing public safety services' on state roads and highways."

(Emphasis in original.)

That reading of the proposed measure thus envisions the part of the fund designated for the State Patrol

Division as being available not only for highway patrol activities, but also for other highway safety activities such as those suggested by petitioner. However, and although the text is not the apotheosis of clarity, we do not read the proposed measure in the way that the Attorney General reads it. A certain level of uncertainty is created by the comma in the part of section (1) that describes the way in which the funds reserved under the proposed measure will be allocated: "80% allocated to the Patrol Division of the Oregon State Police, and 20% allocated to county sheriffs for highway patrol activities." The comma separates the clause respecting the Patrol Division from the clause respecting the county sheriffs, thereby making the final phrase, "for highway patrol activities," one that refers only to the activity of county sheriffs.

The Attorney General is relying on that separation in defending his caption. We think, however, that the Attorney General is missing another important aspect of the text. The phrase, "for highway patrol activities," is a necessary modifier respecting county sheriffs, because, for county sheriffs, highway patrol is simply one among their many, varied duties. The State Police Patrol Division, on the other hand, is the subdivision of the State Police that does what its name indicates—it patrols. Thus, for the State Police Patrol Division, no modifying phrase is required to convey that the funds will be used for highway patrol activities. Regardless of the placement of the comma, it is clear that the entire fund created by the proposed measure is to be used for road and highway patrol.

Even if, in construing section (1), there were some doubt respecting the foregoing point, the scales are tipped completely when one considers as context the introductory clause of section (3) of the proposed measure. That clause states that "[n]o fines or penalties collected pursuant to traffic citations issued by Oregon State Police or county sheriffs *under operations funded by this Section* may be used to directly fund police or sheriff operations." (Emphasis added.) The clear implication of that wording is that "the operations funded by this Section" are highway patrol activities, which generate traffic citations and, ultimately, revenue in the form of "fines or penalties."

The foregoing contextual material from section (3) of the proposed measure thus satisfies us that the proposed measure is intended to fund the same highway patrol activities of the Patrol Division and the county sheriffs. And, because that intended limitation is a part of the subject matter of the proposed measure, the caption should reflect it. The Attorney General's failure to mention that aspect of the proposed measure in the caption means that the caption fails to meet the requirements set out in ORS 250.035(2)(a) respecting ballot title captions. The matter must be referred to the Attorney General for correction.

As noted, petitioner also has challenged the "yes" result statement and the summary in the Attorney General's certified ballot title. Both challenges are based on the theory just discussed with respect to the caption, and both are well taken. On referral, the Attorney General must address those points, as well.

Ballot title referred to the Attorney General for modification.

## APPENDIX

## PROPOSED MEASURE

The People of Oregon hereby amend Article IX of the Oregon Constitution by adding the following Section to be inserted after existing Section 3b:

(1)    In addition to the purposes authorized for use of revenues on motor vehicle use and fuel as delineated in Section 3a, Article IX of this Constitution, 1% (one percent) of such revenues shall be dedicated to providing public safety services on Oregon's road and highways, to be appropriated by the Legislative Assembly under the following formula: 80% allocated to the Patrol Division of the Oregon State Police, and 20% allocated to county sheriffs for highway patrol activities.

(2)    The 20% allocated to county sheriffs shall be allocated under the following formula: 30% to be divided equally among all counties on a per-county basis (each of the existing 36 counties to receive 1/36 share of the 30%); 70% to be divided among counties on a population basis (each county to receive a grant based on its share of the state population).

(3)    No fines or penalties collected pursuant to traffic citations issued by Oregon State Police or county sheriffs under operations funded by this Section may be used to directly fund police or sheriff operations; all such fines or penalties shall be placed in state or county general funds, as provided by the Legislative Assembly.

(4)    This Amendment does not and shall not have the effect of raising any taxes or fees on motor vehicle use and fuel; it is only intended to dedicate 1% of existing revenues to the provision of public safety services on Oregon's highways.

(5)    As it will take time to ramp up the Patrol Division operations of the Oregon State Police, the Legislative Assembly may reserve up to 15% of the funds allocated to the Patrol Division for the 2009-2011 biennium, to be carried over in sequestered funds, to be expended in the 2011-2013 biennium. This special carry-over shall not go beyond June 30, 2013.

(6) This Amendment is self-executing, shall be effective upon passage, and shall be implemented as to revenues received from July 1, 2009, onwards.