Submitted on the record September 25, ballot title referred to Attorney General for modification November 8, modified ballot title certified December 26, 2007

(343 Or 692)

Phil KEISLING,
and William C. Campbell,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55161) (Control)

Trent LUTZ
and Meredith Wood Smith,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55162)

171 P3d 345

Phil Keisling, Portland, and William C. Campbell, Portland, filed the petition and reply memorandum for themselves.

Roy E. Pulvers, of Hinshaw & Culbertson LLP, Portland, filed the petition and reply memorandum for petitioners Trent Lutz and Meredith Wood Smith.

Erin C. Lagesen, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter, P.C., Portland, filed a memorandum for *amicus curiae* Arthur Towers.

Linda K. Williams, Portland, filed a memorandum for *amicus curiae* Ken Lewis.

GILLETTE, J.

## GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 109 (2008). The proposed measure, self-described as the "Open Primary Act of 2008," contains a five-sentence preamble and 24 sections, some of which amend present Oregon Revised Statutes and some of which place new wording in those statutes. If adopted, the proposed measure would change the Oregon primary election process, replacing the system now in use with one in which all candidates for a particular office appear on a single primary ballot. All voters then would choose whomever they favor for the office (rather than whomever they favor as a candidate *of their party* for the office) from that single primary ballot. Thereafter, the two persons who receive the highest number of votes in the primary voting would move on to the general election ballot, without regard to the party affiliation (or lack of affiliation) of either. The proposed measure requires that all elections be conducted by the method that it creates, with the exception of elections for nonpartisan offices and, in a presidential election year, elections for delegates to nominating conventions and precinct committee persons.

The present ballot title challenge involves two sets of petitioners. In case number S55161, the challengers are petitioner Keisling, who is the chief sponsor of the proposed measure, and petitioner Campbell, who is the measure's primary drafter. Those two petitioners timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title; they therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). In case number S55162, petitioners Lutz and Smith similarly are persons who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *Id.* We review the Attorney General's certified ballot title to determine whether it substantially complies with the

requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5). For the reasons that follow, we conclude that the ballot title challenged here does not so conform.

■ The Attorney General certified the following ballot title:

"CHANGES PARTISAN PRIMARIES: PRIMARY
BALLOTS CONTAIN ALL CANDIDATES; TOP TWO
CANDIDATES PROCEED TO GENERAL ELECTION

"RESULT OF 'YES' VOTE:   'Yes' vote changes partisan primaries: primary election ballots contain all prospective candidates; electors may vote for any candidate; top two candidates proceed to general election.

"RESULT OF 'NO' VOTE:   'No' vote retains the current party primary election system, retains procedures for the nomination of minor political party and independent candidates to the general election.

"SUMMARY:   Currently, major political parties nominate candidates to general election through party primaries; minor political parties, independents nominate candidates to general election. Measure changes partisan primaries for 'voter choice offices.' Ballots contain all prospective candidates; electors may vote for candidates regardless of elector's, candidate's party affiliation; top two candidates advance to general election. Requires that primary, general election ballots contain candidates' party registration, endorsements. Allows eligible person, regardless of party affiliation, to fill vacancy. Defines 'voter choice offices' as offices of: United States Senator; Representative in Congress; Governor; Secretary of State; State Treasurer; Attorney General; State Senator; State Representative; or any state, county, city, or district office that is not nonpartisan or for which political party nominations to general election are authorized by law. Other provisions."

We turn to the challenges to the Attorney General's certified ballot title asserted by petitioners Keisling and Campbell. At bottom, all of those challenges proceed from a common theme. The caption in the Attorney General's certified ballot title is erroneous, petitioners Keisling and Campbell argue,[1] because the proposed measure does not, as

_____

[1] Pursuant to ORS 250.035(2)(a), the caption of a certified ballot title must "identif[y] the subject matter of the * * * measure."

the Attorney General asserts, "change partisan primaries." Instead, petitioners Keisling and Campbell assert, the proposed measure "establishes a new, parallel system, the open primary system." From that premise, petitioners Keisling and Campbell conclude that the only permissible way to describe this "parallel" primary system is to give it the name that petitioner's themselves gave it, *viz.*, an "open primary."

We reject the foregoing premise and petitioners' arguments that flow from it. Whether or not the Attorney General's decision not to use the phrase "open primary" in the caption was a correct one—an issue that we do not resolve here—petitioners' assertion that adoption of the proposed measure would simply set up a "parallel" primary system is inaccurate. Outside of the exceptions described above, the new system would obliterate the old. That policy choice may or may not be a good one; such evaluations are beyond our purview. But the choice to make the change, *i.e.*, to virtually eliminate primary elections as they heretofore have been known in Oregon, is, in fact, a principal feature of the "subject matter of the * * * measure." The Attorney General thus was entitled to make that concept part of the central theme of his certified ballot title. Because all the arguments of petitioners Keisling and Campbell proceed from a contrary premise, none is well taken. We proceed to the arguments made by petitioners Lutz and Smith.

■ In contrast to the argument by petitioners Keisling and Campbell that the Attorney General's certified ballot title is inaccurate, petitioners Lutz and Smith argue that the caption for the Attorney General's certified ballot title is accurate, but underinclusive. If it is, that fact could require referral to the Attorney General for further consideration. As this court has explained, "When the Attorney General chooses to describe the subject matter of a proposed measure by listing some of its effects, he runs the risk that the caption will be underinclusive and thus inaccurate." *Towers v. Myers*, 341 Or 357, 361, 142 P3d 1040 (2006). The underinclusiveness arises, petitioners assert, because the proposed measure would affect two aspects of the present election system that go unmentioned in the caption, *i.e.*, the present process by which minor party candidates and independent candidates

qualify for the general election ballot, and the general election process itself. We address the minor party and independent candidate argument, because that argument is both preserved and dispositive.

As noted, the caption provides:

"CHANGES PARTISAN PRIMARIES: PRIMARY
BALLOTS CONTAIN ALL CANDIDATES; TOP TWO
CANDIDATES PROCEED TO GENERAL ELECTION"

Petitioners argue that nothing in the foregoing caption suggests what would be true under the proposed measure, *viz.*, that minor party and independent candidates would not be able to obtain direct access to the general election ballot, as they now may do in various ways. Instead, such candidates would be required to face all other candidates in the primary, with none being on the general election ballot unless that candidate were to be one of the top two vote-getters.

The Attorney General responds that the petitioners' concern is met by the use of the phrase, "changes partisan primaries," in the caption, but we fail to see how. Candidates for minor parties or independent candidates do not participate in partisan primaries. There is neither any direct reference to minor parties and independent candidates in that phrase, nor—in our reading of it—any suggestion that the proposed measure extends to those topics. (Only the references to "all candidates" and "top two" in the caption can even arguably be said to address the petitioners' concerns, but we think that those phrases, as used, so clearly refer back to the reference in the caption to "partisan primaries" that they will not stretch to cover the other kinds of elections and candidates as well.) We agree with petitioners Lutz and Smith that the Attorney General's certified ballot title for Initiative Petition 109 (2008) is underinclusive under ORS 250.035(2)(a) (and, by extension, under paragraphs (b) through (d), as well), and that the underinclusion is not a minor one.[2] The

---

[2] Like petitioners Keisling and Campbell, petitioners Lutz and Smith attack the Attorney General's certified ballot title's caption and then carry the theme of that attack on through the other sections of the ballot title. Obviously, however, if we agree with petitioners Lutz and Smith concerning the caption, the Attorney General is quite capable of identifying the ways in which the other sections of the

ballot title must be referred to the Attorney General for modification.

We note one other shortcoming of the Attorney General's certified ballot title. The change that would be wrought by the proposed measure would significantly alter the appearance of the general election ballot—and, necessarily, any election held under it. The current system permits many candidates for a position to appear on the general election ballot, in addition to the two candidates of the major political parties. The traditional Oregon general election lists the candidacy of minority party and independent candidates who have achieved a place on the ballot through an alternative nomination process. *See* ORS 254.135(4) (providing that name of each candidate nominated shall be printed on ballot); ORS 249.705 (providing that minor political parties, assemblies of electors and individual electors may nominate candidates). If the proposed measure is adopted, the general election ballot will offer two candidates only.

Ballot title referred to Attorney General for modification.

---

certified ballot title are affected. Thus, petitioners succeed if their challenge to the caption is well taken. Petitioners lose if their theory fails. The outcome of their arguments—either success or failure—respecting the caption eliminates any need for us to discuss in detail the other parts of the ballot title.